IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:17-CR-27-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DONALD RAY-EDTUAN DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on nine motions by defendant Donald Ray-Edtuan Davis ("defendant") seeking: (1) notice of intent to use Rule 404(b) evidence (D.E. 66); (2) disclosure of *Brady* material (D.E. 67); (3) disclosure of material under the Jencks Act (D.E. 68); (4) preservation of rough notes and disclosure of the same for inspection and copying (D.E. 69); (5) production of law enforcement interview reports and notes regarding individuals who will not be witnesses at trial (D.E. 70); (6) statements of indicted and unindicted co-conspirators (D.E. 73); (7) early production of grand jury testimony (D.E. 74); (8) sequestration of government witnesses (D.E. 75); and (9) disclosure of concessions or deals, criminal records of government witnesses, and information about previous testimony (D.E. 76). Supporting memoranda are incorporated into each motion. The government filed an omnibus response (D.E. 81) addressing each of defendant's motions. The motions were referred to the undersigned for review and decision pursuant to 28 U.S.C. § 636(b)(1)(A) and are ready for adjudication. The court's rulings on the motions and the reasons for them are set out below.

# DISCUSSION

## I. RULE 404(b) EVIDENCE (D.E. 66)
### (Granted in Part and Denied in Part)

Defendant seeks an order, pursuant to Fed. R. Evid. 404(b), requiring the government to disclose the substance of any evidence of defendant's prior crimes, wrongs, or other bad acts the government intends to introduce at trial "forthwith." Def.'s 404(b) Mot. 3. Defendant further requests "that the government be ordered to disclose . . . the name and address of each witness who will be called to testify relating to the specific evidence within the provisions of Rule 404(b) and/or a description of the conduct which the Government intends to introduce in this regard." *Id.* at 2. In its response, the government states that it "is aware of its obligation to provide reasonable notice to the Defendant of its intent to proffer 404(b) evidence at trial and will abide by such requirement." Gov.'s Omnibus Resp. 6. The government objects to the portion of defendant's motion requesting that the court order it to provide the names and addresses of potential witnesses.

In a criminal case, Rule 404(b) requires the prosecution, upon request by the accused, to provide prior to the date on which the trial is scheduled to begin "reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial." Fed. R. Evid. 404(b)(2). "Nothing in Rule 404(b) requires the government to identify witnesses who will testify about the Rule 404(b) evidence . . . ." *United States v. Graham*, 468 F. Supp. 2d 800, 802 (E.D.N.C. 2006).

Accordingly, the motion is GRANTED IN PART and DENIED IN PART. The government is ORDERED to notify defendant, at least seven days prior to the date on which the trial is scheduled to begin, of the general nature of Rule 404(b) evidence, if any, it intends to introduce at trial. *See id.* (holding that while disclosure of Rule 404(b) information three days prior to trial would not be reasonable, disclosure one week prior to trial would be sufficient). This order does not require the government to disclose the Rule 404(b) evidence itself.

## II. *BRADY* MATERIAL (D.E. 67)
### (Granted)

Defendant requests that the government be ordered to produce all exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Def.'s *Brady* Mot. 2. Defendant specifically notes that favorable phone calls, transcripts, and location information has not been produced by the government. *Id.* at 3. The government responds that it has provided "broad discovery to the Defendant that goes beyond that required by *Brady* and [*Giglio v. United States*, 405 U.S. 150 (1972)]" and that it "will continue to supplement its disclosures as necessary and will disclose all exculpatory and impeachment evidence in time for its effective use at trial." Gov.'s Omnibus Resp. 8. The government also indicates that it will "make inquiry with law enforcement" regarding the specific evidence defendant seeks, implying that if such evidence does exist, it will produce such evidence to defendant. Gov.'s Resp. 8.

It is well settled that prior to trial the government must produce any evidence that is "favorable to an accused . . . [if] the evidence is material either to guilt or to punishment." *Brady*, 373 U.S. at 87. Such evidence includes impeachment evidence relating to the government's witnesses, including evidence of immunity, leniency, or preferential treatment given to government witnesses. *Giglio*, 405 U.S. at 153; *see also United States v. Stroop*, 121 F.R.D. 269, 274 (E.D.N.C. 1988) (holding that promises of leniency or other inducements to government witnesses to testify must be disclosed to defendant). The Fourth Circuit has held that the government must disclose exculpatory and impeachment evidence to a defendant "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985). The court finds here that disclosure of the requested information at least seven days prior to trial would be sufficient. Accordingly, defendant's motion is GRANTED, and the government

shall disclose to defendant's counsel all *Brady* material sought by defendant no later than seven days before the date on which the trial is scheduled to begin, if it has not already done so.

### III. JENCKS MATERIAL (D.E. 68)
### (Denied)

Defendant seeks an order, pursuant to Fed. R. Crim. P. 26.2 and the Jencks Act, 18 U.S.C. § 3500, requiring the government to produce witness statements prior to the beginning of trial, or in the alternative, after a government witness has completed his or her testimony on direct examination. Def.'s Jencks Mot. 2-4. The government responds that it has "provided broad discovery to the Defendant, including multiple reports from interviews of cooperating witnesses" and thus "believes that it has made an early production of *Jencks* material." Gov.'s Omnibus Resp. 9. However, the government also argues that the court may not require it to provide witness statements to the defendant prior to a witness testifying at trial. *Id.*

The Jencks Act requires disclosure of witness statements only after a witness has testified on direct examination. 18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a). The Fourth Circuit is specific in its mandate that the court not require the government to produce such testimony until a witness has testified. *United States v. Lewis*, 35 F.3d 148, 151 (4th Cir. 1994) (holding that pretrial discovery of Jencks material is improper). However, the government may, on its own accord, produce Jencks material prior to trial. *Id.*

Defendant's request for early production of Jencks material is contrary to the plain language of both the Jencks Act and Fed. R. Crim. P. 26.2. Any current request for Jencks material after a government witness has completed his testimony is premature. The motion is moot as to the Jencks material the government has already produced. Accordingly, defendant's motion is DENIED.

# IV. PRESERVATION OF ROUGH NOTES AND DISCLOSURE OF THEM FOR INSPECTION AND COPYING (D.E. 69)
# (Granted in Part and Denied in Part)

Defendant seeks an order directing officers and employees of the government, including attorneys in the United States Attorney's Office, to preserve their rough notes regarding the charges against defendant. Def.'s Preservation Mot. 1. Specifically, defendant requests "[p]reservation of any and all rough notes regarding the charges against the Defendant stemming from the offenses alleged in the Indictment filed herein, including interviews of all witnesses from any Federal, State, or local agency which were recorded pursuant to this investigation." *Id.* at 3. Defendant also requests "[t]hat the government make available and [produce] for copying any and all written interviews of any witness to be called, or not to be called, at the trial of this matter which were recorded by any Federal, State or local agency which could or may impact Defendant's guilt or innocence." *Id.* Defendant further requests that the Assistant United States Attorney prosecuting the case and

> all officers and employees of the United States, Homeland Security, United States Bureau of Alcohol, Tobacco, Firearms and Explosives, North Carolina State Bureau of Investigation, United States Drug Enforcement Administration, United States Postal Service, and any other agency of the United States, or the State of North Carolina, or local law enforcement agency, preserve any rough notes taken during the course of this investigation.

*Id.* at 2. Defendant states that his requests are pursuant to *Brady*, *United States v. Agurs*, 427 U.S. 97 (1976), and the Jencks Act.

The government responds that it "has instructed law enforcement to preserve any handwritten notes and upon [receipt] of any such material will provide the same to defense counsel" and further that it is aware of its obligations under the Jencks Act and will continue to disclose such materials. Gov.'s Omnibus Resp. 10. However, the government opposes the request for its counsel to preserve and produce rough notes he has taken during the course of his

5

investigation stating that such materials are subject to the attorney work product doctrine and only discoverable if they contain exculpatory information. *Id.* at 11-12. The government further notes that "it is aware of its obligation under *Brady* and *Giglio*" and "will continue to make any necessary productions." *Id.* at 12.

As to handwritten or rough notes of a law enforcement agent, the Jencks Act generally does not require their production, especially those later incorporated into a formal report. *United States v. Hinton*, 719 F.2d 711, 722 (4th Cir. 1983); *United States v. King*, 121 F.R.D. 277, 279 (E.D.N.C. 1988); *see also United States v. Roseboro*, 87 F.3d 642, 644 (4th Cir. 1996) (holding that an FBI agent's notes and a prepared "Form 302 Report" are not subject to disclosure under the Jencks Act). It is nevertheless conceivable that a need for these documents could arise at trial. *See King*, 121 F.R.D. at 279 (ordering preservation of rough notes without pretrial production because such notes could contain relevant impeachment material). The government would not be prejudiced by an order requiring preservation of agents' rough notes. Accordingly, the portion of defendant's motion seeking preservation of agents' rough notes is GRANTED and the government is ORDERED to retain the rough notes of its agents in this case until after exhaustion of all appeal rights.

With respect to witness statements, as stated above, the Jencks Act requires their production only after a witness has testified on direct examination. 18 U.S.C. § 3500(b). Accordingly, the portion of defendant's motion requesting early production of such material is DENIED.

Lastly, regarding the government's counsel's rough notes, the attorney work-product doctrine provides that "written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel" are not discoverable. *Hickman v. Taylor*, 329 U.S. 495,

510 (1947); *see also United States v. Nobles*, 422 U.S. 225, 238 (1975) (applying the work-product doctrine in the criminal context). Furthermore, "application of the [Jencks] Act will not compel disclosure of a Government lawyer's recordation of mental impressions, personal beliefs, trial strategy, legal conclusions, or anything else that could not fairly be said to be the witness' own statement." *Goldberg v. United States*, 425 U.S. 94, 106 (1976) (internal quotation marks omitted). Thus, disclosure of the government's counsel's rough notes would violate the work-product doctrine unless such material was otherwise discoverable under *Brady*. *See United States v. Whitted*, No. 5:15-CR-372-1H, 2017 WL 2082922, at *4 (E.D.N.C. 15 May 2017) (denying defendant's motion for disclosure of government attorney's rough notes but granting the motion to preserve the same regarding potential *Brady* and Jencks materials) (citing *Morris v. Yist*, 447 F.3d 735, 742 (9th Cir. 2006))). Accordingly, the portion of defendant's motion requesting the prosecutor to produce his rough notes is DENIED.

However, because the government's counsel's notes may be otherwise discoverable under *Brady* or the Jencks Act, the portion of defendant's motion requesting preservation of such material is GRANTED and the government is ordered to preserve its counsel's rough notes until after exhaustion of all appeal rights.[1] *See King*, 121 F.R.D. at 279 (ordering the government to retain rough notes possibly containing "exculpatory or impeaching material"); *Whitted*, 2017 WL 2082922, at *4 (ordering that the "government prosecutors preserve their rough notes regarding potential Jencks Act and Brady materials"); *United States v. Ruffin*, No. 5:16-CR-321, 2018 WL 401535, *4 (E.D.N.C. 12 Jan. 2018) (ordering that the rough notes of the prosecutors be preserved).

---

[1] Although defendant cites three cases supporting his claim that an order directing the government to preserve rough notes "may include rough notes of the Government's attorneys taken during witness interviews," Def.'s Preservation Mot. 1-2, the cases cited pertain to rough notes by government investigators, not government attorneys. *See United States v. Niedeberger*, 580 F.2d 63, 71 (3d Cir. 1978) (rough notes of Internal Revenue Service investigator); *United States v. Robinson*, 546 F.2d 309, 314 n.3 (9th Cir. 1977) (rough notes of FBI agent); *United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976) (same).

## V. PRODUCTION OF LAW ENFORCEMENT INTERVIEW REPORTS AND NOTES REGARDING INDIVIDUALS WHO WILL NOT BE WITNESSES AS TRIAL
### (D.E. 70)
### (Granted in Part and Denied in Part)

Defendant seeks an order requiring "the government to produce any and all investigative reports or notes of any police department, the Naval Investigative Service, FBI, or any other federal or state law enforcement agency that contains memoranda of interviews conducted by employees of those agencies with individuals who will not be called witnesses at trial and who were interviewed as part of the investigation which resulted in the . . . Indictment." Def.'s Prod. Mot. 1. The government responds that it "believes that any and all such reports, if they exist, have been produced" and that it "is aware of its ongoing duty to disclose discoverable material pursuant to *Brady* and *Giglio*." Gov.'s Omnibus Resp. 13.

Consistent with the court's ruling on defendant's motion for production of *Brady* material (D.E. 67), to the extent that the materials sought by the instant motion constitute *Brady* or *Giglio* material, the government shall produce them no later than seven days prior to the date on which the trial is scheduled to begin. The instant motion is otherwise DENIED.

## VI. STATEMENTS OF INDICTED AND UNINDICTED CO-CONSPIRATORS
### (D.E. 73)
### (Denied)

Defendant seeks an order, pursuant to Fed. R. Crim. P. 16(a)(1)(C), requiring the government "to disclose any and all statements (pre- or post-arrest), summarized or verbatim, of any alleged unindicted co-conspirators." Def.'s Mot. for Stmts. 1. The government responds that it has "conducted broad productions of discovery in this case" and it "is aware of its ongoing duty to disclose discoverable material." Gov.'s Omnibus Resp. 13.

Defendant's reliance on Fed. R. Crim. P. 16(a)(1)(C) is misplaced because Rule 16(a)(1)(C) pertains to an organizational defendant and permits discovery of certain statements of

a person who is the defendant's director, officer, employee, or agent. In this case, defendant is not an organization and Fed. R. Crim. P. 16(a)(1)(C) does not apply.

Accordingly, defendant's motion for statements of indicted and unindicted co-conspirators pursuant to Fed. R. Crim. P. 16(a)(1)(C) is DENIED.

### VII.  EARLY PRODUCTION OF GRAND JURY TESTIMONY (D.E. 74)
### (Granted)

Defendant seeks an order "directing the Government to produce for inspection and copying the Grand Jury testimony of all witnesses who appeared before any Grand Jury which provided a basis of the Indictment in this case, and thereafter to produce the same to Defendant's counsel well in advance of trial." Def.'s Mot. for Grand Jury Testimony 5. The government responds that it "is in the process of ordering a transcript of the witness testimony before the grand jury . . . and will provide the same to defense upon receipt." Gov.'s Omnibus Resp. 13

Accordingly, defendant's motion for production of grand jury testimony is GRANTED, and the government shall disclose to defendant's counsel all the grand jury testimony sought by defendant no later than seven days before the date on which the trial is scheduled to begin.

### VIII.  SEQUESTRATION OF WITNESSES (D.E. 75)
### (Granted in Part and Denied in Part)

Defendant seeks an order, pursuant to Fed. R. Evid. 615, providing that

> [1] all government witnesses be excluded from the courtroom to the extent that they cannot hear the testimony of other witnesses; [2] that the Court order that prospective witnesses be prohibited from discussing the case with witnesses who may or have already testified; [3] that the Court order that the government not discuss with witnesses the testimony of previously called witnesses; and [4] that the government disclose prior communications of witnesses regarding this case.

Def.'s Sequestration Mot. 2. While the government does not oppose defendant's request to sequester government witnesses, it requests that the sequestration also be applied to defense

9

witnesses and that the court exempt from the sequestration requirement the case agent designated by the government. Gov.'s Omnibus Resp. 14.

Rule 615 provides that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear the testimony of other witnesses," and such sequestration of witnesses is mandatory if requested. *United States v. Farnham*, 791 F.2d 331, 334 (4th Cir. 1986). Further, "[e]ach witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial." *United States v. McCall*, No. 5:12-CR-351-F-10, 2013 WL 2382306, at *1 (30 May 2013 E.D.N.C.) (citing *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000) ("Sequestration requires that witnesses not discuss the case among themselves or anyone else, other than the counsel for the parties.")). However, excluded from the sequestration requirement is "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney." Fed. R. Evid. 615(b). A government investigative agent involved in a criminal prosecution falls within this exception. *Farnham*, 791 F.2d at 334. Only one agent may be exempted from sequestration under this exception. *Id.* ("[T]he district court may allow the government's chief investigating agent to remain in the courtroom throughout the proceedings, even if he is expected to testify.") (citing *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983)). Nevertheless, "Rule 615 does not prevent the government's prosecutor from discussing with government investigating agents or non-law enforcement witnesses who will testify at trial the testimony of previously called witnesses." *See McCall*, 2013 WL 2382306, at *2 (citing *Rhynes*, 218 F.3d at 317 (rejecting the argument that defense counsel violated Rule 615 when he discussed a prior witness's testimony with a witness who had not yet testified on the grounds that, unlike trial witnesses, lawyers have an ethical obligation to the court not to knowingly present perjured testimony)). Further, defendant cites no authority, and the court is not

10

aware of any, supporting disclosure of prior communications by or between witnesses as such—that is, which are not otherwise discoverable.

Pursuant to the authority discussed above, defendant's motion to sequester witnesses is GRANTED IN PART and DENIED IN PART as follows:

1. All trial witnesses, except as specified in paragraph 2 below, shall be excluded from the trial so that they cannot hear the testimony of other witnesses until such trial witnesses have themselves testified. All trial witnesses shall be prohibited from revealing previous trial testimony to any witnesses who have not yet testified.

2. Subject to further order by the trial judge, the government shall be allowed to designate one case agent, pursuant to Rule 615(b), to be present throughout the trial even if that agent is expected to testify. Defendant may also be present throughout the trial, even if he is expected to testify. Fed. R. Evid. 615(a) (parties who are natural persons are excluded from sequestration).

3. The government's counsel may discuss with witnesses the testimony of previously called witnesses.

4. The government need not disclose communications by or between witnesses as such.

### IX. DISCLOSURE OF CONCESSIONS OR DEALS, CRIMINAL RECORDS OF GOVERNMENT WITNESSES, AND INFORMATION ABOUT PREVIOUS TESTIMONY (D.E. 76)
**(Granted in Part and Denied in Part)**

Defendant seeks an order requiring the government to disclose the following: (1) "[a]ny documents, reports or evidence relating to deals, arrangements or inducements offered to [government] witnesses"; (2) criminal records of government witnesses; (3) "names and dates of cases in which the [government] witnesses have previously offered testimony of behalf of the government at trial or before the grand jury"; and (4) "[c]oncessions provided regard to criminal behavior drug dealing while possessing firearms and proof of drug sales." Def.'s Mot for Gov.

Witness Information 1-2. The government responds that "it is aware that it is required to disclose all information which might arguably be used to impeach or discredit" a government witness at trial and asserts that it will continue to make required disclosures. Gov.'s Omnibus Resp. 14. However, the government opposes immediate disclosure of the information requested and states that it does not understand defendant's fourth request. *Id.* at 14-15.

As discussed above, the government is required to disclose impeachment evidence relating to the government's witnesses, including evidence of immunity, leniency, or preferential treatment given to government witnesses. *Giglio*, 405 U.S. at 153; *see also Stroop*, 121 F.R.D. at 274. Also as addressed above, the court is not requiring the government to produce such testimony until a witness has testified. 18 U.S.C. § 3500(b); *Lewis*, 35 F.3d at 151.

Like the government, the court does not understand what disclosures defendant is seeking in his fourth request.

The instant motion by defendant is therefore GRANTED IN PART and DENIED IN PART as follows:

The government shall disclose to defendant all information sought in requests nos. 1 to 3 that constitute *Brady* or *Giglio* material no later than seven days prior to the date on which the trial is scheduled to begin, but these requests are otherwise DENIED. To the extent defendant seeks early disclosure of Jencks material, the motion is DENIED. Defendant's fourth request is also DENIED.

## **CONCLUSION**

In summary, the court rules as follows:

1. Defendant's motion (D.E. 66) seeking notice of the government's intent to use Rule 404(b) evidence is GRANTED IN PART and DENIED IN PART.

2. Defendant's motion (D.E. 67) for disclosure of *Brady* material is GRANTED.

3. Defendant's motion (D.E. 68) for disclosure of Jencks material is DENIED.

4. Defendant's motion (D.E. 69) for preservation of rough notes and disclosure of them for inspection and copying is GRANTED IN PART and DENIED IN PART.

5. Defendant's motion (D.E. 70) for production of law enforcement interview reports and notes regarding individuals who will not be witnesses at trial is GRANTED IN PART and DENIED IN PART.

6. Defendant's motion (D.E. 73) for statements of indicted and unindicted co-conspirators is DENIED.

7. Defendant's motion (D.E. 74) for early production of grand jury testimony is GRANTED.

8. Defendants' motion (D.E. 75) for sequestration of government witnesses is GRANTED IN PART and DENIED IN PART.

9. Defendants' motion (D.E. 76) for disclosure of concessions or deals, criminal records of government witnesses, and information about previous testimony is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this 21st day of November 2018.

_____
James E. Gates
United States Magistrate Judge