IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CR-27-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DONALD RAY-EDTUAN DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to suppress certain evidence allegedly obtained in violation of the Fourth Amendment to the United States Constitution. (DE 71). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate James E. Gates, issued memorandum and recommendation ("M&R"), wherein it is recommended that the court deny defendant's motion. (DE 90). Defendant timely filed objection to the M&R. (DE 95). The government did not respond to defendant's objection, and the time to do so has expired. For the reasons that follow, the court adopts the recommendation of the magistrate judge as its own, and denies defendant's motion.

**STATEMENT OF THE CASE**

On March 28, 2017, the grand jury returned a three count indictment, charging defendant with possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924; and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The alleged offenses occurred on or about January 9, 2017.

On August 31, 2018, defendant filed the instant motion to suppress The motion seeks to suppress evidence taken during the search of the black 2009 Infiniti G37 defendant drove to a

controlled buy and used to flee from the police. On October 31, 2018, the magistrate judge held an evidentiary hearing on the motion. (See Transcript of Hr'g ("Tr.") (DE 87)). During the hearing, the government offered testimony by Officer Ashley Freeman ("Freeman"), and exhibits including 1) a summary of jailhouse phone calls by defendant; 2) two arrest warrants for defendant dated May 23, 2016; and 3) an officer's affidavit for seizure and impoundment and magistrate's order for felony speeding to elude. Defendant presented no testimony and offered no exhibits.

On December 21, 2018, the magistrate judge issued his M&R. The magistrate judge determined that defendant's Fourth Amendment rights had not been violated because there was probable cause for the officers to search defendant's vehicle for heroin and to arrest defendant, and that several exceptions to the warrant requirement applied, including search incident to arrest, inventory search, and abandonment of the vehicle when defendant attempted to flee. On January 24, 2019, defendant filed objection to the M&R. Defendant's sole objection to the magistrate judge's finding was that there was no probable cause for the officers to pull or search his vehicle. Defendant does not object to the magistrate judge's findings with respect to any of the exceptions to the warrant requirement.

**STATEMENT OF THE FACTS**

Upon de novo review, the court incorporates in full the statement of facts in section II of the M&R. The facts most pertinent to defendant's objection may be summarized as follows.

Officer Freeman was a detective sergeant in the vice and narcotics division of the New Hanover County Sheriff's Office, tasked with investigating narcotics for the past seven and a half years ("NHCSO"). (Tr. at 4:18-5:4). As of January 9, 2017, Officer Freeman knew defendant to be a drug trafficker in the Wilmington and New Hanover County areas and was aware defendant has

2

a lengthy criminal history, including convictions for possessing and trafficking drugs and resisting and avoiding arrest. (See id. at 5:5-13, 5:17-6:7). As of January 9, 2017, Officer Freeman was also aware that defendant had been involved in a narcotics investigation in Brunswick County on May 23, 2016, and that during the investigation defendant fled when officers attempted to effect a traffic stop. (Id. at 8:8-15). Officer Freeman has been told that officers had orchestrated a controlled purchase using a confidential information ("CI"), and the officers' plan was to arrest defendant after the controlled purchase was completed. (Id. at 10:3-9, 10:20-11:3). Although the controlled purchase occurred, officers were unable to effect the arrest because defendant fled. (Id. at 11:4-7). Officer Freeman also knew on January 9, 2017, that two warrants had been issued for defendant's arrest following the transaction on May 23, 2016 for violations including failing to heed lights or siren, displaying an expired registration plate, having window tint in violation of federal safety standards, fleeing to elude arrest with a motor vehicle, driving recklessly with wanton disregard, and exceeding the posted speed limit. (Id. at 8:15-9:22; Arrest Warrants 1-2). Arrest Warrant 1 identified the vehicle that the suspect drove as a two-door, black 2009 Infiniti G37. (Tr. at 9:23-10:2; Arrest Warrant 1).

On January 9, 2017, Officer Freeman received a phone call from Lieutenant Ramos (" Lt. Ramos") in the Pender County Sheriff's Office ("PCSO"). (Tr. at 6:14-21). Lt. Ramos stated he had a CI who could purchase herion from a person who Ramos believed was defendant. (Id.). Prior to meeting the CI in Pender County, Officer Freeman sent images of defendant to Lt. Ramos so that the CI could identify defendant as the same person from whom he would be purchasing. (Id. at 7:18-21). The CI confirmed through Lt. Ramos that defendant was the person, and the CI again confirmed with Officer Freeman in person that the photo of defendant was the image of the person

from whom he would be buying the drugs. (Id. at 7:22-8:7).

The CI called defendant to set up a controlled buy between 2:00 p.m. and 4:00 p.m., seeking to set up a buy for 50 bags of heroin, commonly referred to as a "clip." (Id. 23:22-25, 28:16-22, 36:8-12). Defendant insisted on meeting the CI in the parking lot of the Planet Fitness on Kerr Avenue near the intersection with Market Street in Wilmington that same day, and refused to discuss the price of the drugs unless in person. (See id. at 12:13-31, 24:6-11, 28:3-29:4, 36:13-15).

Once surveillance was set up at the Planet Fitness, detectives from NHCSO observed an Infiniti with tinted windows pull in to the parking lot from Market Street. (See id. at 13:4-8, 13:24-14:3, 29:5-11. Officers ran the license plate number of the vehicle, which came back to Ranae Waters ("Waters"), a person officers knew to be defendant's girlfriend. (Id. at 14:5-8). The tags on the vehicle were not the same as those during the May 23, 2016, incident, but the same VIN was associated with both tags. (Id. 30:6-8, 37:21-38:12).

Once the Infiniti drove through the parking lot, Officer Freeman and the other officers on scene were certain it was defendant. (Id. at 14:13-16). No controlled buy occurred, and the Infiniti drove through the parking lot. (Id. at 14:9-12, 30:14-24, 30:25-31:11). As defendant started to drive out of the parking lot, officers realized something had put defendant on guard. (Id. at 14:17-23). As defendant drove on to Kerr Avenue, officers moved in to arrest him. (Id. at 14:23-24).

As detailed in the remainder of the statement of facts in the M&R, chase then ensued, and defendant was ultimately apprehended after attempting to evade arrest. (See M&R (DE 90) at 7-11). A search of the Infiniti revealed drugs and a firearm. (See id.).

4

**COURT'S DISCUSSION**

A.     Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.     Analysis

Defendant's sole objection to the M&R is to the magistrate judge's finding that officers had probable cause to search the black 2009 Infiniti G37 and arrest defendant.

In effecting an arrest, probable cause exists when there are "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979); see Devenpeck, 543 U.S. at 152 ("Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest.") (citation omitted). Similarly, an officer has probable cause to search for evidence of a crime "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband

or evidence of a crime will be found in the place to be searched." United States v. Richardson, 607 F.3d 357, 369 (4th Cir. 2010) (internal quotations omitted).

Defendant was known to Officer Freeman to be a drug trafficker in Wilmington with prior criminal convictions for drug trafficking and attempting to evade arrest. (See id. at 5:5-13, 5:17-6:7). Officer Freeman also knew that on May 23, 2016, defendant had completed a controlled buy of drugs in a black 2009 Infiniti G37, fled the scene before officers could apprehend him in a traffic stop that day, and that warrants were out for his arrest for fleeing that day. (Id. at 8:8-15, 11:4-7; Arrest Warrants 1-2). A CI visually identified defendant as the person with whom he was seeking to set up a controlled buy on January 9, 2017 in conversation with Officer Freeman. (Tr. at 7:18-8:7). The CI asked defendant over the phone to meet to purchase a "clip," and defendant insisted on meeting the CI in the parking lot of the Planet Fitness on Kerr Avenue near the intersection with Market Street in Wilmington that same day. (See id. at 12:13-31, 23:22-24:11, 28:3-29:4, 36:8-15). At the time and place designed by defendant, a black 2009 Infiniti G37 registered to defendant's girlfriend and bearing tags registered to the same VIN as the car at the May 23, 2016 controlled buy drove in to the parking lot. (See Tr. at 8:15-10:2, 13:4-8, 13:24-14:3, 14:5-8, 29:5-11, 30:6-8, 37:21-38:12; Arrest Warrant 1).

On de novo review of the facts, the court concludes Officer Freeman and the NHCSO had probable cause to search the black 2009 Infiniti G37 and arrest defendant, because the known facts and circumstances were sufficient to warrant a man of reasonable prudence in the belief that illegal drugs would be found in the vehicle, and that a crime had been committed by defendant. See DeFillippo, 443 U.S. at 37; Richardson, 607 F.3d at 369. The court has reviewed the remaining portions of the magistrate judge's M&R for clear error and found none. Accordingly, the court

adopts the recommendation of the magistrate judge as its own, and denies defendant's motion to suppress.

## CONCLUSION

Based on the foregoing, upon careful review of the M&R and the record, the court ADOPTS the recommendation of the magistrate judge as its own. Defendant's motion to suppress (DE 71) is DENIED.

SO ORDERED, this the 25th day of February, 2019.

                                              LOUISE W. FLANAGAN
                                              United States District Judge