<pre>
 1                  UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NORTH CAROLINA
 2                      SOUTHERN DIVISION

 3

 4   UNITED STATES OF AMERICA,-     Docket No. 7:17-cr-27-FL-1
                              -
 5       Plaintiff,           -     New Bern, North Carolina
                              -     January 23, 2020
 6          v.                -     Arraignment
                              -
 7   DONALD RAY-EDTUAN DAVIS, -
                              -
 8       Defendant.           -
     -------------------------------

 9

              TRANSCRIPT OF ARRAIGNMENT HEARING
10       BEFORE THE HONORABLE ROBERT B. JONES, JR.
           UNITED STATES DISTRICT MAGISTRATE JUDGE.
11

     APPEARANCES:
12

     For the Plaintiffs:  United States Attorneys' Office
13                        By: Dena King
                          150 Fayetteville Street, Suite 2100
14                        Raleigh, NC 27601
                          (919) 856-4500
15

     For the Defendant:  Ayers & Haidt, P.A.
16                       By: James M. Ayers, II
                         PO Box 1544
17                       New Bern, NC 28563-1544
                         (252) 638-2955
18

     Court Reporter:     Tracy L. McGurk, RMR, CRR
19                       413 Middle St.
                         New Bern, NC 28560
20                       (419) 392-6626

21

22

     Proceedings recorded by mechanical stenography,
23   transcript produced by notereading.

24

25
</pre>

1      (Commenced at 9:42 a.m.)

2      THE COURT: All right. At this time I would

00:00:01  3 like to ask each of the defendants appearing before the

00:00:05  4 Court this morning to listen carefully to the following

00:00:08  5 information. This information will be an important part

00:00:12  6 of your case. You may be called upon this morning to

00:00:15  7 make decisions in your cases based on the following:

00:00:18  8      You are here because a bill of indictment

00:00:21  9 has been returned against you by the grand jury charging

00:00:25 10 you with a violation of one or more federal criminal

00:00:28 11 laws. You have certain rights as relate to these

00:00:32 12 charges, and I'm going to explain those rights to you.

00:00:36 13 As explained to you at your initial appearance, you have

00:00:39 14 the right to remain silent. You have the right to be

00:00:42 15 represented by an attorney and, if necessary, to have

00:00:45 16 the Court appoint an attorney to represent you in your

00:00:48 17 case, including at a trial. You have the right to a

00:00:52 18 trial by jury, and at such a trial you are presumed to

00:00:56 19 be innocent. You do not have to prove anything.

00:00:59 20 Instead, the burden is upon the government through its

00:01:02 21 attorneys and agents to prove you guilty by competent

00:01:05 22 evidence and beyond a reasonable doubt. The method for

00:01:09 23 the government to do this is to call its witnesses who

00:01:13 24 would testify under oath in front of you, in front of a

00:01:16 25 jury, and in front of the presiding district judge.

| | | |
|---|---|---|
| 00:01:19 | 1 | You, through your lawyer, will then have the right to |
| 00:01:22 | 2 | cross-examine those witnesses and to object to any |
| 00:01:26 | 3 | evidence you deem to be legally improper.  You would |
| 00:01:30 | 4 | also have the right to use the subpoena power of this |
| 00:01:33 | 5 | Court to bring to court witnesses who may be favorable |
| 00:01:36 | 6 | to you and to have these witnesses testify under oath. |
| 00:01:40 | 7 | You also may elect to take the witness stand and testify |
| 00:01:43 | 8 | under oath, but only if you wish to do so.  No one can |
| 00:01:46 | 9 | force you to take the witness stand and testify if you |
| 00:01:50 | 10 | do not want to.  If you choose not to testify, the fact |
| 00:01:53 | 11 | that you do not testify cannot be held against you, and |
| 00:01:56 | 12 | the district judge will instruct the jury accordingly. |
| 00:02:01 | 13 | If you plead guilty to an offense this |
| 00:02:03 | 14 | morning, you will waive your right to a trial by jury |
| 00:02:06 | 15 | and the rights that I've just mentioned, other than your |
| 00:02:09 | 16 | right to an attorney.  You also have to waive your right |
| 00:02:12 | 17 | not to incriminate yourself because I cannot accept your |
| 00:02:16 | 18 | plea of guilty as to a particular offense or offenses |
| 00:02:20 | 19 | unless you admit in open court your guilt as to that |
| 00:02:23 | 20 | particular offense or offenses. |
| 00:02:26 | 21 | By pleading guilty to a felony offense or |
| 00:02:29 | 22 | being convicted by a jury and adjudicated guilty of a |
| 00:02:32 | 23 | felony offense, you may lose certain valuable civil |
| 00:02:36 | 24 | rights such as the right to possess any kind of firearm, |
| 00:02:39 | 25 | the right to serve on a jury, the right to hold public |

00:02:42  1    office, and the right to vote.

00:02:44  2            If you plead guilty or are found guilty at

00:02:47  3    trial, you may be ordered to make restitution in money

00:02:50  4    or services to victims of your crime if they are

00:02:53  5    identifiable.

00:02:54  6            In certain cases you may be required to

00:02:56  7    forfeit property to the United States Government.

00:02:59  8            If your offense involves fraud, you may be

00:03:02  9    required to provide notice of your conviction to the

00:03:05  10   victims of your crime.

00:03:06  11            In addition, if you are not a United States

00:03:08  12   citizen, your immigration status may be adversely

00:03:11  13   affected, and you may be subject to deportation,

00:03:14  14   exclusion, or voluntary departure and prevented from

00:03:17  15   obtaining U.S. citizenship.

00:03:20  16            As required by the law, a special assessment

00:03:22  17   or monetary amount of $100 for each felony offense or

00:03:28  18   count to which you plead guilty or are found guilty at

00:03:31  19   trial will be imposed against you.  This special

00:03:34  20   assessment of $100 per count will be in addition to and

00:03:38  21   on top of any fine that may also be imposed.

00:03:42  22            You may be given a term of supervised

00:03:45  23   release following any actual term of incarceration that

00:03:48  24   is imposed.  Supervised release is similar to what you

00:03:51  25   may know as probation.  The term of supervised release

00:03:55  1    in each individual case can range anywhere from one year

00:03:58  2    up to life based upon your individual criminal history

00:04:01  3    and the offense.  Supervised release would require you

00:04:04  4    to report to your assigned probation officer from time

00:04:07  5    to time and to comply with any Court-imposed or

00:04:10  6    -directed instructions.  If you violate supervised

00:04:14  7    release conditions, you may be required to serve an

00:04:17  8    additional time of incarceration.

00:04:19  9            The United States Sentencing Commission has

00:04:21 10    established advisory guideline ranges for all federal

00:04:24 11    crimes.  Although the district judge is no longer

00:04:27 12    required to specifically follow the guidelines in

00:04:30 13    sentencing you, he or she is required to calculate the

00:04:33 14    advisory guideline for your offense or offenses.  The

00:04:37 15    district judge will then consider that guideline range

00:04:39 16    as well as other relevant factors that are set forth in

00:04:43 17    Title 18 of the United States Code, Section 3553(a),

00:04:46 18    before imposing a sentence.

00:04:48 19            The district judge has the authority in some

00:04:51 20    circumstances to depart upward or downward from that

00:04:55 21    advisory guideline range and will also examine other

00:04:58 22    factors under 18, U.S. Code, Section 3553(a) that may

00:05:02 23    result in a sentence that is either greater or lesser

00:05:05 24    than advisory guideline sentence.  If the district judge

00:05:11 25    imposes a sentence outside the guideline range, he or

| | | |
|---|---|---|
| 00:05:13 | 1 | she is required to explain on the record at the time of |
| 00:05:16 | 2 | sentencing his or her reasons for imposing a sentence |
| 00:05:19 | 3 | outside the guidelines. |
| 00:05:21 | 4 | Under some circumstances you may have the |
| 00:05:23 | 5 | right to appeal your sentence even though you pled |
| 00:05:27 | 6 | guilty to the underlying crime.  However, if you have |
| 00:05:30 | 7 | waived the right to appeal your sentence in a plea |
| 00:05:32 | 8 | agreement with the government, that agreement may be |
| 00:05:34 | 9 | binding upon you. |
| 00:05:37 | 10 | You should understand that parole has been |
| 00:05:39 | 11 | abolished in the United States court system.  So if you |
| 00:05:42 | 12 | receive a sentence which includes an active term of |
| 00:05:45 | 13 | incarceration, you will not receive parole. |
| 00:05:49 | 14 | You should also know that the Court is not a |
| 00:05:51 | 15 | party to a plea agreement and does not participate in |
| 00:05:54 | 16 | the plea agreement negotiations.  However, the Court's |
| 00:05:57 | 17 | obligated to examine carefully any plea agreement with |
| 00:06:00 | 18 | the government to insure that it conforms to the |
| 00:06:03 | 19 | objectives of sentencing. |
| 00:06:06 | 20 | Rule 11 of the Federal Rules of Criminal |
| 00:06:08 | 21 | Procedure applies to the Court's consideration of plea |
| 00:06:11 | 22 | agreements and provides as follows: |
| 00:06:13 | 23 | That in one type of a plea agreement, you or |
| 00:06:16 | 24 | the government may request or recommend to the Court |
| 00:06:20 | 25 | that a particular sentence or sentencing range is |

00:06:23 1 appropriate, or that a particular provision of the

00:06:27 2 guidelines does or does not apply. Even if the Court

00:06:30 3 accepts this type of a plea agreement, the Court is not

00:06:33 4 required to accept the recommendation or request, and

00:06:37 5 you do not have the right to withdraw your guilty plea

00:06:39 6 if the Court does not follow the sentencing

00:06:41 7 recommendation or request.

00:06:44 8 On the other hand, there may be plea

00:06:47 9 agreements in which the government agrees not to bring

00:06:49 10 or will move to dismiss other charges, or which you and

00:06:54 11 the government agree to a specific sentence or

00:06:57 12 sentencing range, or to the applicability of a

00:06:59 13 particular provision of the guidelines. If the Court

00:07:01 14 accepts this type of a plea agreement, then the terms

00:07:06 15 that the parties have agreed upon are binding on the

00:07:08 16 Court, and the agreed-upon disposition will be included

00:07:11 17 in the judgment, unless otherwise directed by the plea

00:07:14 18 agreement. However, if the Court does not accept this

00:07:17 19 type of a plea agreement, where there is such an

00:07:20 20 agreement between the parties, the defendant will have

00:07:23 21 the opportunity to withdraw his or her plea. If the

00:07:27 22 defendant does not withdraw the plea, however, the Court

00:07:30 23 is not required to follow the plea agreement and may

00:07:32 24 dispose of the case less favorably than the agreement

00:07:35 25 had provided.

| | | |
|---|---|---|
| 00:07:38 | 1 | A written presentence report will be |
| 00:07:40 | 2 | prepared by the probation office to assist the district |
| 00:07:44 | 3 | judge in sentencing.  You will be asked to give |
| 00:07:47 | 4 | information for this report, and you are entitled to |
| 00:07:50 | 5 | have your attorney present during the interview.  It is |
| 00:07:54 | 6 | important that the presentence report be accurate |
| 00:07:57 | 7 | because it will likely determine your punishment range. |
| 00:08:01 | 8 | After that report has been prepared, you and |
| 00:08:03 | 9 | your attorney will have an opportunity to review the |
| 00:08:05 | 10 | report and to object to any aspects of the report you |
| 00:08:09 | 11 | believe are inaccurate.  Any objections to the |
| 00:08:14 | 12 | presentence report must be made in writing and on a |
| 00:08:17 | 13 | timely basis.  If you do not contest the facts that are |
| 00:08:21 | 14 | set forth in the presentence report, and the Court's |
| 00:08:23 | 15 | independent findings coincide with those facts, those |
| 00:08:26 | 16 | facts will be accepted by the Court as correct, and the |
| 00:08:29 | 17 | Court will rely upon them to determine the guidelines |
| 00:08:32 | 18 | applicable to your case. |
| 00:08:33 | 19 | If a party seeks to argue for a sentence |
| 00:08:36 | 20 | which varies from the sentencing guidelines, that party |
| 00:08:40 | 21 | shall written briefing in support of that position and |
| 00:08:43 | 22 | serve a courtesy copy on the probation officer who |
| 00:08:46 | 23 | drafted the presentence report. |
| 00:08:48 | 24 | At the time of sentencing you and your |
| 00:08:50 | 25 | attorney will be given the chance to speak to the Court |

| | | |
|---|---|---|
| 00:08:54 | 1 | and to argue for a sentence that you and your attorney |
| 00:08:56 | 2 | feel is appropriate under 18, U.S. Code, Section |
| 00:08:59 | 3 | 3553(a). Judge Flanagan does not allow oral testimony |
| 00:09:04 | 4 | in the nature of character evidence at the sentencing |
| 00:09:06 | 5 | hearing but will be happy to receive from your attorney |
| 00:09:10 | 6 | written sentencing briefing or character letters, all of |
| 00:09:13 | 7 | which should be provided to the Court at least one week |
| 00:09:16 | 8 | before the date which you are to be sentenced. |
| 00:09:19 | 9 | Finally, if there are any victims of the |
| 00:09:22 | 10 | offenses for which you are to be sentenced, these |
| 00:09:24 | 11 | victims will be given the chance to be heard at that |
| 00:09:27 | 12 | sentencing hearing. |
| 00:09:28 | 13 | That concludes the explanation of your |
| 00:09:31 | 14 | rights. Those cases in which a plea of guilty is |
| 00:09:37 | 15 | entered today will be scheduled for sentencing hearing |
| 00:09:42 | 16 | to be held no sooner than 90 days from today before |
| 00:09:44 | 17 | Judge Flanagan. It's anticipated that those cases will |
| 00:09:46 | 18 | be set for the May 2020 term of court. Any case in |
| 00:09:49 | 19 | which a plea of not guilty is entered today, those |
| 00:09:54 | 20 | parties will have an administrative telephonic |
| 00:09:55 | 21 | conference before Judge Flanagan, and counsel will be |
| 00:09:58 | 22 | contacted in those cases to arrange the date and time of |
| 00:10:01 | 23 | that conference as well as to provide the dial-in |
| 00:10:04 | 24 | instructions to participate in that conference. |
| 00:10:07 | 25 | All right. Each defendant appearing today |

```
00:10:09   1   should know that as I take up your case to hear your
00:10:12   2   plea and to address you personally that you'll be placed
00:10:17   3   under oath.  And if you should answer any of my
00:10:19   4   questions falsely that your answers may later be used
00:10:21   5   against you in another prosecution for perjury or making
00:10:25   6   a false statement.
00:10:28   7              For the Assistant United States Attorneys
00:10:31   8   here, I think it's Mr. Parris and Ms. King, are there
00:10:35   9   any victims in any of these cases?
00:10:38  10              MR. PARRIS:  Not in my case, Your Honor.
00:10:39  11              THE COURT:  Ms. King, do you know?
00:10:41  12              MS. KING:  No, Your Honor; there are not.
00:10:43  13              THE COURT:  We'll start with Mr. McDonald,
00:10:46  14   then Mr. Mabry, Mr. Carter, then we'll conclude with Mr.
00:10:50  15   Davis.
00:10:50  16              (Whereupon a discussion was had regarding
00:10:50  17   unrelated cases.)
01:03:49  18              THE CLERK:  The Court calls the following
01:03:50  19   case for arraignment:  United States of America versus
01:03:53  20   Donald Davis, court file 7:17-cr-27-FL, Defendant 1.
01:04:04  21   Mr. Davis, if you would stand, please, and raise your
01:04:08  22   right hand.  I'm going to place you under oath.
01:04:11  23              (Whereupon the Defendant was sworn by the
01:04:24  24   clerk.)
01:04:24  25              THE COURT:  Mr. Davis, sir, I have in my
```

01:04:26  1   hands a document in your case entitled "Consent to

01:04:29  2   Proceed Before a Magistrate Judge."  It appears to be

01:04:32  3   signed by you as well as Mr. Ayers, your attorney in

01:04:35  4   this case.  Did you sign this document, sir?

01:04:38  5             THE DEFENDANT:  Yes, sir.

01:04:38  6             THE COURT:  And is it your knowing and

01:04:39  7   voluntary desire that for the purpose of conducting your

01:04:43  8   arraignment in this case and taking your plea this

01:04:46  9   morning that I may conduct these proceedings as a United

01:04:49  10   States Magistrate Judge?

01:04:51  11             THE DEFENDANT:  Yes, sir.

01:04:51  12             THE COURT:  Thank you.  Please have a seat.

01:05:04  13   Now, Mr. Davis, sir, do you understand that you are now

01:05:07  14   under oath and if you answer any of my questions falsely

01:05:09  15   that your answers may later be used against you in

01:05:13  16   another prosecution for perjury or making a false

01:05:15  17   statement?

01:05:16  18             THE DEFENDANT:  Yes, sir.

01:05:16  19             THE COURT:  What is your full name?

01:05:18  20             THE DEFENDANT:  Donald Ray-Edtuan Davis.

01:05:22  21             THE COURT:  How old are you?

01:05:24  22             THE DEFENDANT:  Forty-two.

01:05:25  23             THE COURT:  How far have you gone in school?

01:05:28  24             THE DEFENDANT:  Diploma, high school

01:05:30  25   diploma.

01:05:30   1          THE COURT:  Are you able to speak and

01:05:31   2   understand English?

01:05:33   3          THE DEFENDANT:  Yes, sir.

01:05:34   4          THE COURT:  Are you able to read?

01:05:35   5          THE DEFENDANT:  Yes.

01:05:35   6          THE COURT:  Are you currently or have you

01:05:37   7   recently been under the care of a physician or

01:05:39   8   psychiatrist or been hospitalized or treated for

01:05:42   9   narcotics addiction?

01:05:43  10          THE DEFENDANT:  Yes, sir.

01:05:43  11          THE COURT:  Can you tell me about that?

01:05:46  12          THE DEFENDANT:  At Fort Devens,

01:05:47  13   Massachusetts; and in New Hanover County Jail.

01:05:52  14          THE COURT:  This was in relation to the

01:05:55  15   competency evaluation; is that correct?

01:05:58  16          MR. AYERS:  A part of it, Judge.

01:05:59  17          THE COURT:  Anything more recent than that?

01:06:04  18          THE DEFENDANT:  I'm not on meds right now

01:06:06  19   because they're supposed to change them.

01:06:09  20          THE COURT:  But he had a competency

01:06:11  21   evaluation?

01:06:11  22          MR. AYERS:  He did.  And this is just like

01:06:13  23   the other case.  I believe he's competent, would

01:06:16  24   stipulate for purposes today.  But there are issues I'm

01:06:19  25   going to have to raise at sentencing about his prior

01:06:22   1   drug use and diminished capacity, which is a separate

01:06:26   2   issue than what we're dealing with.

01:06:29   3             THE COURT:  All right.  That's fine.

01:06:33   4             Mr. Davis, let me ask you, sir -- you may

01:06:36   5   have answered this already.  Have you taken any drugs,

01:06:39   6   any medicine, any pills, or had any alcoholic beverages

01:06:43   7   in the past 24 hours?

01:06:45   8             THE DEFENDANT:  Yes.  Blood pressure pill.

01:06:47   9             THE COURT:  Okay.  Anything else?

01:06:49  10             THE DEFENDANT:  No, sir.

01:06:50  11             THE COURT:  Do you believe that that

01:06:51  12   medication affects your ability to understand these

01:06:54  13   proceedings?

01:06:55  14             THE DEFENDANT:  No, sir.

01:06:55  15             THE COURT:  Mr. Davis, have you been

01:06:56  16   provided with a copy of the charges against you in this

01:06:59  17   case?

01:07:00  18             THE DEFENDANT:  Yes, sir.

01:07:00  19             THE COURT:  And have you fully discussed

01:07:03  20   those charges as well as your case in general with your

01:07:06  21   attorney?

01:07:06  22             THE DEFENDANT:  Yes, sir.

01:07:07  23             THE COURT:  Do you understand the charges

01:07:09  24   against you in this case?

01:07:10  25             THE DEFENDANT:  Yes, sir.

```
01:07:11   1              THE COURT:  Do you understand what's
01:07:12   2   happening this morning?
01:07:13   3              THE DEFENDANT:  Yes, sir.
01:07:14   4              THE COURT:  Mr. Ayers, any difficulty in
01:07:16   5   communicating with Mr. Davis or any reason to doubt his
01:07:18   6   mental competency in this case?
01:07:21   7              THE DEFENDANT:  No, Your Honor.
01:07:21   8              THE COURT:  Does the United States have any
01:07:23   9   reason to doubt Mr. Davis's mental competency in this
01:07:26  10   case?
01:07:27  11              MS. KING:  No, Your Honor.
01:07:27  12              THE COURT:  The Court finds the defendant,
01:07:30  13   Donald Ray-Edtuan Davis, is competent to appear, to
01:07:33  14   understand the nature of these proceedings, and to
01:07:36  15   ultimately plead in these matters.
01:07:37  16              Mr. Davis, sir, have you had the time to and
01:07:40  17   have you, in fact, discussed your case with your
01:07:42  18   attorney?
01:07:43  19              THE DEFENDANT:  Yes, sir.
01:07:43  20              THE COURT:  Are you satisfied with Mr.
01:07:45  21   Ayers's advice and counsel to you in this matter?
01:07:48  22              THE DEFENDANT:  Yes, sir.
01:07:48  23              THE COURT:  Did you hear and understand my
01:07:50  24   explanation of your rights this morning?
01:07:53  25              THE DEFENDANT:  Yes, sir.
```

01:07:53 1        THE COURT:  Did you understand my general

01:07:55 2   explanation of how you might be sentenced in this case?

01:07:58 3        THE DEFENDANT:  Yes, sir.

01:07:58 4        THE COURT:  Mr. Davis, did you receive a

01:07:59 5   copy of the indictment in this case charging you in

01:08:02 6   three counts?

01:08:04 7        THE DEFENDANT:  Yes, sir.

01:08:05 8        THE COURT:  And you understand what you're

01:08:07 9   charged with in each of those counts?

01:08:09 10        THE DEFENDANT:  Yes, sir.

01:08:09 11        THE COURT:  Do you want me to read those

01:08:11 12   charges to you out loud, or do you waive the reading of

01:08:14 13   them?

01:08:15 14        THE DEFENDANT:  Waive.

01:08:15 15        THE COURT:  I'm required to remind you of

01:08:17 16   the maximum possible penalty, not the guidelines, but

01:08:19 17   the maximum possible penalty for each count that you

01:08:22 18   face, including any mandatory minimum penalty.

01:08:25 19        Would the government please remind Mr. Davis

01:08:27 20   as to that information.

01:08:28 21        MS. KING:  Yes.  Mr. Davis, as it pertains

01:08:32 22   to Count One, the maximum penalty is not more than 20

01:08:35 23   years imprisonment, a fine of not more than $1 million,

01:08:37 24   or both fine and imprisonment, not less than three years

01:08:40 25   supervised release, not more than life.  Upon revocation

01:08:43 1    of supervised release, not more than two years

01:08:46 2    imprisonment, $100 special assessment, and restitution.

01:08:49 3    If subjected to an 851 enhancement, the maximum penalty

01:08:54 4    increases to not more than 30 years imprisonment, a fine

01:08:57 5    of not more than $2 million, or a fine and imprisonment,

01:09:01 6    not less than six years up to life supervised release,

01:09:05 7    not more than three years imprisonment upon revocation

01:09:08 8    of supervised release, $100 special assessment, and

01:09:12 9    restitution.

01:09:13 10          As it relates to Count Two, the maximum

01:09:16 11   penalty if you're determined to be a non-armed career

01:09:18 12   offender is not more than ten years imprisonment, a fine

01:09:22 13   not to exceed $250,000, or fine and imprisonment, not

01:09:27 14   more than three years supervised release, not more than

01:09:30 15   two years upon revocation, $100 special assessment, and

01:09:34 16   restitution.  If it's determined that you are an armed

01:09:37 17   career offender, maximum penalty for Count Two increases

01:09:42 18   to not less than 15 years imprisonment but not more than

01:09:45 19   life, $250,000 fine, or fine and imprisonment, not more

01:09:52 20   than five years supervised release, upon revocation of

01:09:54 21   supervised release, not more than five years, $100

01:09:58 22   special assessment, and restitution.

01:09:59 23          Finally, as it relates to Count Three, the

01:10:01 24   maximum penalty is not less than five years or more than

01:10:05 25   life imprisonment consecutive to any other term of

01:10:08  1  imprisonment, $250,000 fine, or both fine and

01:10:11  2  imprisonment, not more than five years supervised

01:10:15  3  release, upon revocation of supervised release, not

01:10:17  4  whore than five years imprisonment, $100 special

01:10:20  5  assessment, and restitution.

01:10:22  6           THE COURT:  Mr. Davis, sir, do you

01:10:24  7  understand the charges that have been filed against you

01:10:27  8  in this case as well as the maximum punishment you face

01:10:30  9  if found guilty of those charges?

01:10:31  10          THE DEFENDANT:  Yes, sir.

01:10:32  11          THE COURT:  Mr. Ayers, were all formal plea

01:10:34  12  offers by the government conveyed to Mr. Davis?

01:10:36  13          MR. AYERS:  They were, Your Honor.

01:10:38  14          THE COURT:  Mr. Davis, I have a document.

01:10:43  15  It is six pages. It is entitled "Memorandum of Plea

01:10:46  16  Agreement."  It appears to be signed by you as well as

01:10:49  17  Mr. Ayers.  It appears from this document that it is

01:10:52  18  your intention to plead guilty to Count One of the

01:10:55  19  indictment.  Is that your intention, sir?

01:10:56  20          THE DEFENDANT:  Yes, sir.

01:10:57  21          THE COURT:  Did you, in fact, sign this

01:10:58  22  document?

01:10:59  23          THE DEFENDANT:  Yes, sir.

01:10:59  24          THE COURT:  Mr. Davis, have you had an

01:11:01  25  opportunity to read and to discuss this plea agreement

01:11:05  1  with your attorney; and did you, in fact, do so before

01:11:08  2  you signed it?

01:11:09  3  　　　　　THE DEFENDANT:  Yes, sir.

01:11:09  4  　　　　　THE COURT:  Are there any other agreements

01:11:11  5  that you have with the United States or the U.S.

01:11:14  6  Attorney related to this case other than this plea

01:11:16  7  agreement?

01:11:16  8  　　　　　THE DEFENDANT:  No, sir.

01:11:17  9  　　　　　THE COURT:  Did you understand the terms,

01:11:19 10  the language, the words, the sentences, even any legal

01:11:22 11  phrases that are used in this plea agreement after you

01:11:26 12  discussed it with Mr. Ayers?

01:11:29 13  　　　　　THE DEFENDANT:  Yes, sir.

01:11:29 14  　　　　　THE COURT:  Do you understand that by

01:11:31 15  entering into this plea agreement and entering a plea of

01:11:33 16  guilty that you will have waived or given up your right

01:11:36 17  to appeal or to collaterally attack all or a part of

01:11:40 18  your sentence?

01:11:41 19  　　　　　THE DEFENDANT:  Yes, sir.

01:11:41 20  　　　　　THE COURT:  Has anyone made any other or

01:11:43 21  different promises to you to get you to plead guilty in

01:11:46 22  this case other than what's contained in the plea

01:11:48 23  agreement?

01:11:48 24  　　　　　THE DEFENDANT:  No, sir.

01:11:49 25  　　　　　THE COURT:  Has anyone threatened you in any

01:11:51  1    way to persuade you to either accept this agreement or

01:11:54  2    to plead guilty in this case?

01:11:56  3              THE DEFENDANT:  No, sir.

01:11:57  4              THE COURT:  Mr. Davis, sir, are you pleading

01:11:59  5    guilty of your own free will because you are, in fact,

01:12:02  6    guilty?

01:12:03  7              THE DEFENDANT:  Yes, sir.

01:12:03  8              THE COURT:  Do you understand that the

01:12:04  9    offense to which you are pleading guilty is a felony

01:12:08  10   offense, that if your plea is accepted by the Court

01:12:11  11   you'll be found guilty of that offense, and that may

01:12:13  12   deprive you of valuable civil rights such as the right

01:12:17  13   to vote, to hold public office, to serve on a jury, and

01:12:20  14   possess a firearm?

01:12:23  15             THE DEFENDANT:  Yes, sir.

01:12:23  16             THE COURT:  Do you understand that if you

01:12:25  17   are not a United States citizen that a plea of guilty

01:12:27  18   may subject you to deportation, exclusion, or voluntary

01:12:31  19   departure, and prevent you from obtaining U.S.

01:12:34  20   citizenship?

01:12:36  21             THE DEFENDANT:  Yes, sir.

01:12:37  22             THE COURT:  Do you understand that if I

01:12:38  23   accept your plea of guilty this morning that you may not

01:12:42  24   be able to withdraw your plea or have a trial in this

01:12:44  25   case?

01:12:45  1                THE DEFENDANT:  Yes, sir.

01:12:45  2                THE COURT:  Have you answered all my

01:12:46  3  questions truthfully?

01:12:47  4                THE DEFENDANT:  Yes, sir.

01:12:48  5                THE COURT:  Do you need any more time either

01:12:50  6  to think about your plea or to discuss your case with

01:12:53  7  Mr. Ayers before entering your plea?

01:13:00  8                THE DEFENDANT:  One second.

01:13:01  9                THE COURT:  Go ahead.

01:13:04  10               (Discussion had off the record between the

01:13:07  11  defendant and defense counsel.)

01:13:08  12               THE DEFENDANT:  Yes, sir.

01:13:09  13               THE COURT:  Mr. Davis, are you ready to

01:13:11  14  enter your plea at this time?

01:13:12  15               THE DEFENDANT:  Yes, sir.

01:13:13  16               THE COURT:  Mr. Davis, how do you plead to

01:13:15  17  Count One of the indictment?

01:13:16  18               THE DEFENDANT:  Guilty.

01:13:17  19               THE COURT:  Now, did you, Mr. Davis, as

01:13:20  20  charged in Count One, on or about January 9th, 2017, in

01:13:23  21  the Eastern District of North Carolina, knowingly and

01:13:27  22  intentionally possess with the intent to distribute a

01:13:29  23  quantity of a mixture and substance containing a

01:13:33  24  detectable amount of heroin, a Schedule I controlled

01:13:38  25  substance, in violation of 21, U.S. Code, Section

01:13:40   1    841(a)(1)?  Did you do all that?

01:13:43   2             THE DEFENDANT:  Yes, sir.

01:13:43   3             THE COURT:  If the government will provide

01:13:46   4    the Court a factual basis supportive of Mr. Davis's plea

01:13:49   5    of guilty to Count One of the indictment, telling the

01:13:50   6    Court what the government believes it could prove at a

01:13:52   7    trial in this case.

01:13:54   8             MS. KING:  Your Honor, on January 9th, 2017,

01:13:56   9    the New Hanover County Sheriff's Office and the Pender

01:13:59  10    County Sheriff's Office utilized a confidential

01:14:02  11    informant to arrange a controlled purchase of heroin

01:14:05  12    directly from Mr. Davis in Wilmington, North Carolina in

01:14:09  13    the Eastern District of North Carolina.

01:14:11  14             At that time Mr. Davis did have active

01:14:13  15    arrest warrants arising out of Brunswick County for some

01:14:16  16    state-related offenses.

01:14:18  17             During the recorded phone call between Mr.

01:14:21  18    Davis and the CI, there was an agreement that the CI

01:14:25  19    would purchase a clip, which is roughly 50 bags of

01:14:28  20    heroin, at an agreed-upon location, which was a gym in

01:14:32  21    Wilmington, North Carolina.

01:14:34  22             The CI was searched, equipped with

01:14:37  23    audio/video recording, and also $400 for the purchase.

01:14:41  24             The CI actually went to the parking lot of

01:14:43  25    this fitness gym to wait on Mr. Davis to arrive.  Law

01:14:47 1 enforcement in the area surveilled and saw Mr. Davis as

01:14:50 2 he arrived in the parking lot.  He drove past the CI and

01:14:54 3 then exited the parking lot.

01:14:56 4       At that time law enforcement attempted to

01:14:59 5 position themselves around Mr. Davis's car on all sides

01:15:05 6 in an effect to properly block him in and arrest him,

01:15:10 7 but at that time Mr. Davis accelerated his car, in

01:15:13 8 essence just drove away from law enforcement.

01:15:15 9       Law enforcement did, in fact, ensue a chase.

01:15:18 10 And at some point through this chase Mr. Davis

01:15:22 11 ultimately collided his car into another car.  Mr. Davis

01:15:25 12 then jumped from his car, ran, but law enforcement was

01:15:29 13 able to apprehend him a short while later.

01:15:32 14       Law enforcement did come back to his car.

01:15:34 15 They searched his car where they located a .45 caliber

01:15:37 16 handgun, 50 bindles of suspected heroin, Mr. Davis's

01:15:43 17 driver's license, as well as marijuana.

01:15:45 18       The items that I described as suspected

01:15:48 19 heroin was sent off to the crime lab for analysis, and

01:15:51 20 the crime lab determined that it was, in fact, heroin.

01:15:53 21       Your Honor, these would be the facts in this

01:15:56 22 case.

01:15:56 23       THE COURT:  Mr. Ayers, do you care to

01:15:58 24 respond to the government's proffer?

01:15:59 25       MR. AYERS:  Judge, we have no objection.

01:16:01  1   There are obviously sentencing issues that will be

01:16:05  2   raised at the appropriate time; I don't want to waive

01:16:07  3   those.  But for our purposes today, we understand that's

01:16:12  4   what the government thinks that they could prove at

01:16:13  5   trial, Your Honor.

01:16:13  6            THE COURT:  As it relates to the material

01:16:14  7   elements of the offense, no objection?

01:16:16  8            MR. AYERS:  No objection.  Correct, Your

01:16:17  9   Honor.

01:16:17  10           THE COURT:  Mr. Davis, did you hear and

01:16:20  11  understand what the prosecutor's told me regarding

01:16:24  12  material elements of the offense charged in Count One?

01:16:29  13           (Discussion had off the record between the

01:16:29  14  defendant and defense counsel.)

01:16:34  15           THE COURT:  I just want to know whether you

01:16:36  16  dispute anything she's told me regarding the material

01:16:39  17  elements of Count One that she has described, what the

01:16:42  18  government could prove at a trial in this case.

01:16:43  19           THE DEFENDANT:  No, sir.

01:16:44  20           THE COURT:  All right.  The Court is

01:16:45  21  satisfied with the responses given during this hearing

01:16:50  22  and makes the following findings:  It is the finding of

01:16:53  23  this Court in the case of United States of America

01:16:55  24  versus Donald Ray-Edtuan Davis, case number 7:17-cr-27,

01:16:59  25  that Mr. Davis is fully competent and capable of

01:17:01  1   entering an informed plea.  His plea of guilty to Count

01:17:05  2   One is being made knowingly and voluntarily.  It is

01:17:08  3   supported by an independent factual basis containing

01:17:11  4   each of the essential elements of the offense charged

01:17:13  5   therein.  Mr. Davis's plea is therefore accepted.  He is

01:17:16  6   hereby adjudged guilty of Count One.  And the Court

01:17:18  7   hereby conditionally approves the parties' plea

01:17:24  8   agreement.

01:17:24  9            The parties will be notified in writing of

01:17:26  10  the date and the place of sentencing in this matter.  As

01:17:30  11  I said earlier, it is anticipated sentencing will be at

01:17:32  12  Judge Flanagan's term in May.

01:17:35  13           Defense counsel is directed to contact

01:17:37  14  probation before leaving the court today to arrange a

01:17:39  15  time to commence preparation of the PSR in Mr. Davis's

01:17:43  16  case.

01:17:44  17           Mr. Ayers, anything further on behalf of Mr.

01:17:48  18  Davis?

01:17:48  19           MR. AYERS:  No, Your Honor.

01:17:49  20           THE COURT:  From the government?

01:17:50  21           MS. KING:  No, Your Honor.

01:17:51  22           THE COURT:  Thank you very much.

          23           (Concluded at 10:59 a.m.)

          24                        - - -

          25

1          **C E R T I F I C A T E**

2

3     I certify that the foregoing is a correct transcript

4   from the record of proceedings in the above-entitled

5   matter.

6

7   /s/ Tracy L. McGurk_____              ___12/17/2021___

8   Tracy L. McGurk, RMR, CRR                     Date

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25